No. 23-1790

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

DMARCIAN, INC.,
*Plaintiff-Appellee*,

v.

DMARC ADVISOR BV,
*Defendant-Appellant*.

_____

On Appeal from the United States District Court for the
Western District of North Carolina, No. 1:21-cv-00067-MR

_____

**DEFENDANT-APPELLANT'S STATUS REPORT**

Defendant-Appellant DMARC Advisor BV files this Status Report as directed by the Court. *See* ECF No. 18 (Status Report Request).

1. This is an interlocutory appeal from an Order entered by the district court on June 27, 2023. *See* W.D.N.C. ECF No. 228 (Notice of Appeal).

2. On September 14, 2023, Plaintiff-Appellee dmarcian, Inc. moved in the district court "for an Order to Show Cause as to why [DMARC Advisor] and its Dutch attorney Alfred Meijboom should not be held in contempt for its violation of [the district court's] Order dated June 27, 2023." W.D.N.C. ECF No. 253 at 1 (Third Motion for Order to Show Cause).

3. On September 29, 2023, this Court granted DMARC Advisor's "unopposed motion to hold appeal in abeyance pending the district court's resolution of plaintiff's third motion for order to show cause." ECF No. 15.

4. On May 1, 2024, the district court entered a Show Cause Order in which it ordered that (a) "Defendant DMARC Advisor BV shall appear before the [district court] on May 15, 2024 . . . and SHOW CAUSE why the Court should not hold the Defendant in contempt and impose sanctions upon the Defendant for its failure to comply with the Court's June 27, 2023 Order" and (b) DMARC Advisor's "counsel of record, Pressly M. Millen and Samuel B. Hartzell, as well as its Dutch counsel, Alfred Meijboom, shall personally appear before the Court at the May 15, 2024 hearing and SHOW CAUSE why the Court should not hold counsel in contempt and impose sanctions upon counsel for failing to comply with the Court's June 27, 2023 Order." W.D.N.C. ECF No. 358 at 4–5 (emphasis omitted).

5. On May 9, 2024, DMARC Advisor's counsel of record moved on behalf of DMARC Advisor to continue the May 15 hearing to allow DMARC Advisor to retain new counsel who can advise and represent DMARC Advisor in connection with the Show Cause Order. *See* W.D.N.C. ECF No. 363 at 1. DMARC Advisor explained that its counsel of record determined that the Show Cause Order may create a conflict of interest between counsel and DMARC Advisor under North Carolina Rule of Professional Conduct 1.7(a)(2), such that DMARC Advisor should

retain separate counsel to advise and represent it regarding the Show Cause Order. *Id.* at 2–3.

6. On May 10, 2024, the district court entered a Text-Only Order continuing the May 15 hearing and stating that the "parties will be notified at a later time of the date of the rescheduled hearing" (emphasis omitted).

7. DMARC Advisor will promptly notify this Court once the district court has resolved Plaintiff's Third Motion for Order to Show Cause.

Dated: May 13, 2024

/s/ Samuel B. Hartzell
Samuel B. Hartzell
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
(919) 755-2112
sam.hartzell@wbd-us.com

*Counsel for Defendant-Appellant DMARC Advisor BV*

3